[No. 2418]

## NEVADA LINCOLN MINING COMPANY, PETITIONER, *v.* THE DISTRICT COURT OF THE EIGHTH JUDICIAL DISTRICT OF THE STATE OF NEVADA; HONORABLE T. C. HART, DISTRICT JUDGE OF SAID DISTRICT AND JUDGE OF SAID COURT, AND FRANK WILSON, RESPONDENTS.

[175 Pac. 1006]

1. CERTIORARI—ONLY QUESTION OPEN TO INQUIRY WHETHER PROPER SERVICE WAS OBTAINED ON PETITIONER SEEKING TO REVIEW JUDGMENT.

In an original proceeding by certiorari to inquire into the jurisdiction of the district court to render a judgment against petitioner, the only question which the supreme court can examine is whether or not service of summons was obtained upon petitioner in the action sought to be reviewed, so as to give the court jurisdiction to proceed.

2. CERTIORARI—ISSUANCE OF WRIT DISCRETIONARY AND NOT MATTER OF RIGHT.

Writ of certiorari does not issue as a matter of right, but in the sound discretion of the court.

3. CERTIORARI—DISMISSAL OF PROCEEDINGS WHERE EQUITY CAN BETTER AFFORD RELIEF.

In an original proceeding by certiorari to inquire into the jurisdiction of the district court to render judgment against claims of a mining company, where the supreme court, in view of all the facts, reaches conclusion that a court of equity is more capable of affording adequate relief and doing justice in the matter, the proceedings will be dismissed.

ORIGINAL PROCEEDING. Petition for certiorari by the Nevada Lincoln Mining Company against the District Court of the Eighth Judicial District of the State of Nevada, Hon. T. C. Hart, District Judge of the district and Judge of such court, and Frank Wilson. **Proceedings dismissed.**

*August Tilden,* for Petitioner:

The certificate of the clerk purporting to give his version of counsel's testimony must be ignored as gratuitous. Mechler v. Fialk, 82 Atl. 330; Cook v. Court, 59 South. 483. The petition has served its purpose and ceased to be a factor in the proceedings. Donovan v. Board, 163 Pac. 69. The issue is presented by the writ and the return. Idem.

Did the court below "regularly pursue its authority" in rendering the assailed judgment? Rev. Laws, 5690. On such inquiry nothing can be considered except the papers required by law to be in the judgment roll; therefore the court may not examine the certificate of the secretary of state, found in the return. Willey v. Benedict Co., 79 Pac. 270. Such certificate is provided for in the statute governing service on foreign corporations. Rev. Laws, 5025. It is not provided for in the statute governing service on domestic corporations. Rev. Laws, 1188, as amended, Stats. 1913, p. 65.

The recitals in the so-called default and judgment, purporting to find that due service was made, must be read in connection with, and be controlled by, the return of service. Cheely v. Clayton, 28 L. Ed. 298; Venner v. Denver Co., 63 Pac. 1061; Settlemier v. Sullivan, 24 L. Ed. 1110; Hobby v. Bunch, 20 Am. St. Rep. 301; Reinhart v. Lugo, 86 Cal. 395; Lonkey v. Keyes S. M. Co., 21 Nev. 312. The court will not hear parol evidence, nor any evidence dehors the judgment roll. Reinhart v. Lugo, supra. Nor in the face of direct attack entertain presumptions in favor of the validity of the judgment. Radovich v. French, 136 Pac. 341 ; Rich v. Superior Court, 161 Pac. 291. It will be presumed that the return states all of the facts of record. 182 S. W. 996. The burden is on the respondents to show that the court had jurisdiction to render the assailed judgment. Rue v. Quinn, 66 Pac. 216.

To indulge presumptions in favor of jurisdiction * * * "would be against all sound principle." City

v. Fairfax, 24 L. Ed. 583. Conceding that the statute is valid, plaintiff departed materially from its requirements in attempting service. State v. State Bank, 37 Nev. 55; Lonkey v. Keyes S. M. Co., supra; Coffin v. Bell, 22 Nev. 169; Vance v. Maroney, 3 Colo. 47.

The courts uniformly hold that a showing of non-residence made too long before the making of an order of publication is fatal to the validity of the service. Rockman v. Ackerman, 85 N. W. 491; Roosevelt v. Land Co., 84 N. W. 157; Cohn v. Kember, 47 Cal. 144. Therefore a showing made any time after the service must be void.

If this court is embarrassed by the question of appeal, no like embarrassment applies to the writ of mandate. Rev. Laws, 5696; Stoddard v. Court, 41 Pac. 278. If the lower court, acting under rule 45, illegally divested itself of jurisdiction to purge this void judgment from its records, mandamus will lie. Floyd v. District Court, 36 Nev. 349. Where the justice of the case requires it, a petition for a writ of certiorari will be permitted to stand as a petition for a writ of mandamus and the appropriate relief awarded. Tel. Co. v. Superior Court, 114 Pac. 978. Contrary to the respondents' contention, "when the duty is mandatory and no discretion is vested, its performance and the manner of its performance both may be compelled." 26 Cyc. 160, 215.

*A. L. Haight* and *Cheney, Downer, Price & Hawkins,* for Respondents:

The judgment of the district court is a valid judgment. Even if invalid, the discretionary writ of certiorari, which is intended only to subserve the purposes of justice, ought not to issue.

The failure of the corporation to appoint an agent to receive process indicated its willingness to have notice given to the secretary of state. Olender v. Crystalline M. Co., 86 Pac. 1082. If this court had believed such service was invalid, it would have been very easy to say so. Brooks v. Nevada Nickel Syndicate, 24 Nev. 311; Lonkey v. Keyes, 21 Nev. 312.

The writ of certiorari is not a writ of right. It is a discretionary writ. In granting or withholding it, courts exercise equitable jurisdiction. Woodworth v. Gibbs, 16 N. W. 287. There is no authority for the issuance of the writ if there is an appeal or any plain, speedy and adequate remedy. The lower court denied the motion to set aside the judgment. Appeals lie from rulings made on applications to set aside defaults and judgments. Haley v. Eureka County Bank, 20 Nev. 410; Horton v. New Pass Co., 21 Nev. 184. The writ is exceptional and is allowed only to prevent a failure of justice. White v. Boyce, 50 N. W. 302. The writ will be denied after lapse of time when it would do more harm than good. Hagar v. Yolo County, 47 Cal. 222. The writ will not issue because the summons is defective or the service irregular. St. Louis I. M. & S. Co. v. State, 17 S. W. 806.

The record shows that the execution was returned fully satisfied. It therefore has formed the basis of settled rights and cannot be vacated upon certiorari. State v. Washoe County, 14 Nev. 66. A satisfied judgment cannot be set aside on motion. Maclay v. Meads, 112 Pac. 195. Where property has been sold on a judgment, equity is the only remedy. Foster v. Hauswirth, 6 Pac. 19.

Respondents are not asking that petitioner be denied its right to a full hearing as to the validity of the judgment in question. The petitioner, however, demands that the important rights involved be determined without an opportunity to respondents to present their side of the matter. "But it does not ask to defend; it merely asks that it be allowed to escape the necessity of making a defense." Olender v. Crystalline M. Co., 86 Pac. 1083.

By the Court, COLEMAN, C. J.:

This is an original proceeding in certiorari to inquire into the jurisdiction of the respondent court to render the judgment in question.

It appears that on July 12, 1917, Frank Wilson, one of the respondents, commenced an action in the Eighth

judicial district court, in and for Churchill County, against the Nevada Lincoln Mining Company, a corporation organized under the laws of this state, to recover judgment in the sum of $1,050 for services rendered to, and money expended in behalf of, the said corporation. It appears also that the summons which was issued on the day mentioned was placed in the hands of J. H. Stern, sheriff of Ormsby County, Nevada, on the 9th day of August, 1917, and that on that day, after receiving from George Brodigan, secretary of state of the State of Nevada, a certificate stating that the Nevada Lincoln Mining Company, a corporation, had never filed a list of its officers or the name of an agent in this state upon whom process might be served, he served the summons in the action upon the Nevada Lincoln Mining Company, a corporation, by delivering a copy of the same, to which was attached a copy of the complaint in the action, to the said George Brodigan, secretary of state.

There also appears the affidavit of M. L. Wildes, sheriff of Churchill County, certifying to his being over the age of 21 years, the duly elected and acting sheriff, etc., and that on October 1, 1917, he had posted in the office of the county clerk of Churchill County and ex officio clerk of the district court in and for said county, at Fallon, Nevada, a full, true, and correct copy of the original summons in said action, to which was attached a certified copy of the complaint filed therein.

It also appears that on November 2, 1917, the case of Frank Wilson, Plaintiff, v. Nevada Lincoln Mining Company (a corporation), Defendant, was called for hearing before the respondent court, and that at that time the default of the defendant company was entered and judgment rendered in favor of the plaintiff and against the defendant, as prayed in the complaint.

The judgment of the court recites that "it appearing that service of process upon the defendant corporation could not be had by delivering a copy thereof personally

to the president, cashier, secretary, or resident agent of such corporation, or by leaving the same at the principal place of business of said corporation in this state," service was made in the manner stated herein.

It also appears that after judgment had been rendered an execution was issued thereupon, and that the mining claims mentioned were levied upon as the property of the judgment debtor, and that after due notice they were sold and disposed of to satisfy said judgment.

Section 87 of the corporation act (Rev. Laws, 1188, as amended, Stats. 1913, p. 65, sec. 1) reads:

"Service of legal process upon any corporation created under this act or subject to its provisions shall be made by delivering a copy thereof personally to the president, cashier, secretary or resident agent of such corporation, or by leaving the same at the principal office or place of business of the corporation in this state. Service by copy left at the said principal office or place of business in this state, to be effective, must be delivered thereat at least thirty days before the return of the process, and in the presence of an adult person; and the officer serving the process shall distinctly state the manner of service in his return thereto, naming such person; provided, that process returnable forthwith must be served personally; and provided further, when for any reason service cannot be had in the manner hereinbefore provided, then service may be made by delivering a copy to the secretary of state at least thirty days before the return of process and by posting a copy of such process in the office of the clerk of the court in which such action is brought or pending, at least thirty days before the return of such process."

1. The only question which we could inquire into in this proceeding would be as to whether or not such service of summons was obtained upon defendant in the action sought to be reviewed as gave the court jurisdiction to proceed. Kapp v. District Court, 31 Nev. 444, 103 Pac. 235.

Upon the hearing in this matter respondents urged various reasons why a writ of certiorari should not issue in this case. Among them it was contended that since the alleged sale of the property third parties had acquired whatever title passed thereby, had expended large sums of money in developing the property, and had opened up a valuable mine. It was also urged that the petitioner had not acted, in applying for this writ, with reasonable diligence, and that great and irreparable injury would be done should the writ issue herein. It was also contended by counsel for respondent that the petitioner had an adequate remedy in equity.

2. While the law applicable to the situation presented herein seems clear, the question of determining just what our order should be is one which has caused us a great deal of trouble and anxiety. The writ of certiorari does not issue as a matter of right, but in the sound discretion of the court. Hagar v. Yolo County, 47 Cal. 222; St. Louis v. State, 55 Ark. 200, 17 S. W. 806; Spelling, Extr. Rem. (2d ed.) sec. 1897; Bailey, Hab. Corp. & Spec. Rem. p. 648; 5 R. C. L. 254.

3. After numerous conferences, in view of all the facts we have reached the conclusion that a court of equity is more capable of affording adequate relief and of doing justice in the matter than is this court in a proceeding of this character. We are therefore of the opinion that these proceedings should be dismissed.

It is so ordered.