STATE OF NEVADA Ex Rel. NEVADA DOUGLASS
GOLD MINES, Incorporated, v. THE DISTRICT
COURT OF THE SEVENTH JUDICIAL DIS-
TRICT, In and For Mineral County, Et Al.

No. 2856

January 18, 1929.                                    273 P. 659.

*Cyrus A. Hovey* and *Green & Lunsford,* for Petitioner :

*C. C. Ward,* District Attorney, and *M. A. Diskin,* Attorney-General, for Respondents:

210

## OPINION

By the Court, COLEMAN, J.:

This is an original proceeding in certiorari to inquire into the jurisdiction of the respondent court to render the judgment complained of.

The application for the writ alleges that on June 19, 1928, William Royle, as labor commissioner of Nevada, instituted an action in the Seventh judicial district court of Nevada in and for Mineral County against Nevada Douglass Gold Mines, Inc., a Nevada corporation, to recover judgment upon several claims assigned to him for labor alleged to have been performed; that upon filing of the complaint in said action, summons was issued and placed in the hands of the sheriff for service, and that he made purported service thereof by delivering a copy thereof, together with a copy of the complaint, to A. W. Curtis, a director of said defendant company, on June 25, 1928; that on October 1, 1928, the respondent court entered judgment in said action in favor of the plaintiff and against the defendant; and that thereafter execution issued thereon and that the sheriff was proceeding to sell the property of the defendant. The application states that said company had never appeared in said action by demurrer or otherwise; it is verified by one Stephenson, who states on oath that he is the agent of said company and verified the same on its behalf.

The respondent demurred and also moved to quash. We will consider them together.

It is contended that the application for the writ does not state facts sufficient to warrant its issuance; that it is not entitled in the name of any one interested in the proceeding; that it is not signed by an attorney who is a member of the bar of this state; and that it does not show that applicant has no plain, speedy, and adequate remedy by appeal.

■ The application for the writ is designated a petition and is entitled "State of Nevada, on the Relation of Nevada Douglass Gold Mines, Incorporated, Petitioner, v. The District Court, etc., Respondent." The title is not a very appropriate one, since the State of Nevada has no interest in the matter; but we think that will not justify a dismissal of the proceeding. Section 5684, Rev. Laws, provides the writ of certiorari may be granted "on application," and section 5685 provides that "the

application" shall be made on affidavit. The application in this matter, though entitled as above stated, is in the form of an affidavit, and is in substantial compliance with the requirements of the statute. We can perceive no merit in the objection made, since the affidavit states that the affiant is an agent of the company beneficially interested, and against which the alleged judgment was rendered.

■ We think the application states facts sufficient to justify the issuance of the writ. The applicant is a Nevada corporation. Statutes of 1913, p. 65, names the persons upon whom a summons must be served. None of the persons named in the statute was served in the action sought to be reviewed. It is true that service was made upon a person not designated in the statute, but there is no contention by counsel that service was made on any one designated by statute. In this situation the judgment is void ab initio. But it is said in this connection that after the judgment was rendered the company appeared in the action. There is in the record what purports to be an appearance on November 3, 1928, by one who designates himself as vice-president and general manager. There is no showing that the individual named was such officer, nor that he had authority to make such appearance, but, whatever his authority, it is self-evident that such an appearance could not relate back to date of the rendition of the so-called judgment so as to vitalize that which never had life.

■ There is nothing in the contention that there is no showing in the application that the applicant has no right of appeal. It appears that the applicant was not served with summons. We think this showing enough. We have never understood that one against whom a judgment has been rendered without his day in court is driven to the necessity of appealing from a void judgment, thereby giving the court jurisdiction over his person. A defendant must be brought into court by due process, and until he is so brought in no

judgment can be rendered against him necessitating a voluntary appearance to rid himself of what is a judgment in form only.

It was held in Jones v. Justice Court, 97 Cal. 523, 32 P. 575, in a suit before a justice of the peace where the defendant had been served with summons and thereafter appeared, that the judgment rendered therein without notice to the defendant of the date of the trial of the case, as required by statute, was excess of jurisdiction and void and should be set aside in certiorari. It was so held, also, in Elder v. Justice Court, 136 Cal. 364, 68 P. 1022.

■ It is said that, pursuant to authority of the opinion of this court in the matter of Nevada Lincoln M. Co. v. District Court, 43 Nev. 396, 187 P. 1006, we should refuse to order that the writ issue as prayed. The facts in that case are very dissimilar to those in this case. In the first place, it appears on the face of the judgment roll in the matter here under consideration that the judgment is absolutely void. Such was not the fact in the case cited. Furthermore, in that case over two years had elapsed after the sale before relief was sought, during which time large sums of money had been spent by the purchaser and a valuable mine developed. There the company stood by while others gambled on the prospects. Not so in the instant case. This proceeding was instituted within a few days after the sale under the void judgment.

■ There is no merit in the contention that the application is not signed by a member of the bar of this state. The statute does not require that such an application be signed by an attorney.

■ The judgment complained of being void for want of jurisdiction, it is ordered that the same be and is hereby set aside and held for naught, together with all of the proceedings had pursuant thereto, including the pretended sale, and that applicant have judgment for its costs herein.