THE STATE OF NEVADA, Ex Rel. GARAVENTA
LAND & LIVESTOCK COMPANY, a Corpora-
tion, Relator, v. THE SECOND JUDICIAL DIS-
TRICT COURT OF THE STATE OF NEVADA,
in and for the County of Washoe, and HONOR-
ABLE L. O. HAWKINS, the Presiding Judge
Thereof, Respondents.

No. 3377

August 4, 1942.                    128 P. (2d) 266.

*Wm. M. Kearney* and *Robert Taylor Adams,* both of Reno, for Relator.

*John Davidson* and *H. R. Cooke,* both of Reno, for Respondents.

## OPINION

By the Court, ORR, J.:

Relator petitions for a writ of certiorari and alleges therein that the Second judicial district court of the State or Nevada, in and for Washoe County, in action numbered 70117, entitled Eleanor Gardella as Administratrix of the Estate of John Garaventa, Deceased, Plaintiff, v. Joseph A. Garaventa, Defendant, exceeded its jurisdiction in the issuing of a certain restraining order wherein relator is restrained from performing certain acts, which relator alleges to be an unlawful interference with the conduct of its business. We are asked to determine whether petitioner is a person entitled to invoke the remedy of certiorari.

Relator is a corporation organized under the laws of the State of Nevada, and is not a party to the action in the district court, no jurisdiction having been acquired over it for the reason that it was not named as a party nor was it served, and it has not entered an appearance in that suit as a party. State ex rel. Nevada Douglass

Gold Mines.v. District Court, 51 Nev. 206, 273 P. 659.

Suit No. 70117 in the district court is between individuals asserting conflicting claims to the right of possession and ownership of certain shares of the capital stock of relator corporation.

Upon the filing of the petition this court entered an order directed to respondents to show cause why the writ should not issue as. asked for. Respondents answered the said show-cause order and have denied the right of the petitioner to the writ of certiorari, contending that the corporation has a plain, speedy and adequate remedy. Section 9231 N. C. L.

■ It is the general rule that the right to certiorari is confined to parties to the prior proceedings. 14 C. J. S., Certiorari, p. 196, section 47, note 64. And the writ will not be granted to a stranger to the record if the matter to be reviewed is a judgment or order of the court made or entered in a case litigated inter partes. Mack v. District Court, 50 Nev. 318, 258 P. 289. The statutes of this state make the writ available to a party beneficially interested. Section 9232 N. C. L. In the case of Electrical Products Corporation v. District Court, 55 Nev. 8; 23 P.(2d) 501, 503, this court construed the word "party" as defined in the statute to mean "a party in form or in substance to the proceeding sought to be reviewed so as to be concluded by the determination thereon." And "the writ has been awarded to persons in causes not litigated inter partes where it was apparent that they had rights which were adversely affected by the proceedings." Electrical Products Corporation v. District Court, supra. See, also, McCarthy v. Public Service Commission, 94 Utah 304, 77 P.(2d) 331. The petition presented by relator establishes that it is a party beneficially interested as hereinabove defined, and is entitled to the issuance of the writ if it has no appeal and in the judgment of this court there is no plain, speedy and adequate remedy.

■ Respondents assert that relator has a remedy by

intervention. The right of intervention is provided for in section 8563 N. C. L., which makes that right available only to one who has an interest in the matter in litigation, in the success or failure of the parties, or an interest against both. Analyzing the position of relator in the light of the provisions of said section 8563, we conclude that the corporation itself certainly can have no interest in the success of either party to suit No. 70117, nor an interest against both, nor have an interest in the matter in litigation. The ownership of the stock is a matter for the respective claimants to litigate. It seems clear that the corporation would have no right to intervene under the provisions of section 8563 N. C. L.

If intervention is not permitted, has the corporation any other remedy available in the district court? A number of California cases have been cited in support of the contention that it has. In California a remedy is provided whereby a stranger to the record may have himself made a party, by moving to set aside the judgment or order, and in the event of an adverse ruling, appeal. This California practice, it will be noted from an examination of the cases, is one established by the courts without the aid of any statute. See: Title Insurance & Trust Co. v. California Development Co., 159 Cal. 484, 114 P. 838, page 840, column 1. We have no statute in this state authorizing limited intervention by mere motion. We cannot follow the California rule unless we are willing to adopt such a practice in this state without the aid of any statute. While we are much impressed with the desirability of a procedure of that kind, making possible an opportunity for a lower court, before resort to this court is had, to first determine whether or not it has acted in excess of jurisdiction and, if found to have so acted, to correct the error, yet we feel that authorization for such procedure should come from the legislature.

This court has heretofore rejected the practice,

prevailing in California, of allowing an appeal from an order denying a motion to set aside a judgment or order, made by a party making himself a party to the record for the purpose of making the motion. In the case of State ex rel. Pacific States Sec. Co. v. District Court, 48 Nev. 53, at page 60, 226 P. 1106, it was held that section 5327 Rev. Laws 1912 (now section 8883 N. C. L.), in giving the right of appeal to an "aggrieved party" means parties who are named as such in the record and who, as such, are served with process or enter an appearance. The petitioner in the case of State ex rel. Pacific States Sec. Co. v. District Court, supra, made a special appearance by moving to quash the service of summons. Such appearance as was made was held not to bring the movant within the definition of an "aggrieved party." Further, as a general rule a stranger to a suit cannot appear therein and make a motion. 42 C. J. 475, 476, note 90; Bennett v. Wilson, 122 Cal. 509, 55 P. 390, 68 Am. St. Rep. 61; United States Bank v. Kendall, C. C., 179 F. 914; In re Aveline's Estate, 53 Cal. 259; 18 Cal. Jur. p. 650, par. 5, note 13.

■ It is generally held that only a party to the suit can move to dissolve an injunction. 32 C. J. p. 408, par. 699.

■ The corporation being unable to intervene or to move in the action in the district court, then it is without a plain, speedy, or adequate remedy, and is therefore entitled to a writ of certiorari.

Respondents have urged certain propositions relative to the rights of a corporation where its stock is entirely, or nearly so, owned by an individual, when that individual is a party to a suit. We think that this question should properly be reserved for determination until final decision on the return to the writ.

It is ordered that the writ of certiorari issue as prayed.