PENN MOULTRIE CORPORATION; OPTICAL SUPPLY CO., INC.; FORD CLOTHES, INC.; BRACKIN JEWELRY AND OPTICAL CO., INC., PETITIONERS, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, AND DAVID ZENOFF, DISTRICT JUDGE OF DEPARTMENT ONE THEREOF, RESPONDENTS.

No. 4533

May 28, 1963                                    382 P.2d 397

*George Rudiak,* of Las Vegas, for Petitioners.

*G. William Coulthard, John Peter Lee, Franklin N. Smith,* all of Las Vegas, for Respondents.

# OPINION

By the Court, BADT, C. J.:

This is an original petition for a writ of certiorari by four corporations, challenging the jurisdiction of the district court to expropriate their funds on deposit at the First National Bank of Nevada, Las Vegas, in a separate maintenance action to which the petitioners were not named as parties. The separate maintenance suit was started by the wife, Frauke Elizabeth Brackin against her husband, Nelson Louis Brackin. The wife claimed that the husband was the alter ego of the said corporations. The lower court, by reason of such claim, first restrained the disposition of corporate deposits at

said bank, and subsequently ordered the pendente lite monthly distribution of sums therefrom to the wife for child support.

Initially the petitioning corporations who were not named as parties to the separate maintenance action, by motion, sought to dissolve the temporary injunction. Perhaps they could have attacked the court's jurisdiction to tie up their funds in a separate proceeding addressed to that question. Cf. Garaventa Co. v. Dist. Court, 61 Nev. 350, 128 P.2d 266. They did not choose so to proceed. Instead they elected to blunder into[1] the pending action in a manner unknown to our statute or rules of procedure. Presumably their motion to dissolve was in the nature of a request to intervene because their moneys on deposit might be adversely affected by the court's disposition of the separate maintenance action. NRCP 24(a). However, because of the circumstances hereinafter related, we do not find it necessary to determine the legal significance of their entry into the separate maintenance action in the manner described.

The record before us reflects that the wife asserted the husband to be a Nevada resident. However, personal service of process was not made upon him in Nevada, and the attempt at substituted service is invalid for want of a proper showing of due diligence.[2] NRCP 4(e) (1) ; Foster v. Lewis, 78 Nev. 330, 372 P.2d 679; State v. District Court, 68 Nev. 527, 238 P.2d 1125. Thus, jurisdiction over the husband in the separate maintenance action has not been acquired. *Were we to assume* as true the wife's assertion that the husband is the alter ego of the petitioning corporations, still the lower court lacked power to order pendente lite distribution of corporate deposits for child support. In Matthews v. Matthews, 240 N.Y. 28, 147 N.E. 237, 38 A.L.R. 1079,

---

[1]The present appellate counsel was not counsel below nor did he draw the pleadings for appellant in the district court.

[2]The affidavit reflects only affiant's conclusion, "That despite diligent efforts on the part of the plaintiff herein, his whereabouts are unknown to her at this time; that plaintiff has no reason to believe that defendant is now in the State of Nevada."

it is said, "In its opinion the Appellate Division considered this section unconstitutional as authorizing the payment of alimony and counsel fee out of the sequestered property without notice to the defendant and before service of the summons in the action upon him. We agree that the defendant's property, whether he be resident or nonresident, cannot be paid out and disposed of by an order of the court without some notice actual or constructive to the defendant and an opportunity afforded him to be heard.

\* \* \* \* \*

"An abandoned wife where, as in this case, her husband is a nonresident, may sequester his property; but the service of the summons by publication must be commenced as herein stated. After he has been served by publication and is in default of appearance or pleading, the court can enter judgment and dispose of the sequestrated property as it deems best for the interest of the wife and children.

\* \* \* \* \*

"The plaintiff made out a summons and complaint in this action for separation. Without having served them personally upon the defendant, she obtained an order sequestrating the defendant's property and directing payment out of it for support and counsel fee. No order for service by publication was obtained. Even if service by publication had been properly commenced, the Special Term had no power to make immediate payments out of the sequestered funds before service or judgment."

Accordingly, the orders entered below on June 15, 1962, and June 22, 1962, respectively, authorizing distribution, pendente lite, of funds of the petitioning corporations on deposit with the First National Bank of Nevada, Las Vegas, are vacated as having been made without jurisdiction.

The order of June 8, 1962, ordering the defendant bank to pay certain sums to Frauke Elizabeth Brackin out of moneys of Nelson Louis Brackin and moneys of the joint account of Nelson Louis Brackin and Nelson

Louis Brackin, Jr., and moneys contained in a safe deposit box in the name of Nelson Louis Brackin, is not attacked in this proceeding, and accordingly no order is made with reference thereto.

No costs are awarded.

McNamee and Thompson, JJ., concur.