NEVADA CREDIT RATING BUREAU, INC., APPELLANT, v. WILLIAM LLOYD ZARKER, LIDA ZARKER, CHARLES R. ZARKER AND HELEN ZARKER, RESPONDENTS.

No. 4962

February 28, 1966                           411 P.2d 478

---

*Stewart & Horton,* of Reno, for Appellant.

*William L. Hammersmith,* of Reno, for Respondents.

**OPINION**

By the Court, ZENOFF, D. J.:

Judgment by default had been entered against respondents in a court of record of California. The certificate of return related that respondent William Zarker was personally served with process at Concord, California.

The judgment was assigned to appellant and action brought against Zarker in Nevada. At a pretrial conference it was stipulated that if permitted to testify, Zarker would state that he was never personally served with process of any kind or nature in California.

The sole question raised on this appeal is whether or not, upon an action in this state upon a judgment rendered in a court of record in a sister state, the defendant can be permitted to testify that he was not personally served with process in the original action, thus showing want of jurisdiction of that court. The lower court ruled that the defendant could testify and entered judgment in his favor.

1. In Barber v. Barber, 47 Nev. 377, 222 P. 284 (1924), involving a collateral attack upon a sister state divorce decree, this court held that the authority of an attorney to appear for the person he represents is conclusively presumed and refused review of the attorney's authority. Whatever the distinctions may be between a record that reflects the appearance of an attorney for his client, or one, as here, that contains an affidavit of service

of process on the defendant named, they are of no significance in the determination of the right of a court of the forum to examine the validity of that authority or service in order to determine whether jurisdiction over the party existed in the original action.

Barber was decided long before Williams v. North Carolina, 325 U.S. 226 (1945), and it must be now conceded that the greater weight of authority allows an examination into jurisdiction. Greenzweig v. Strelinger, 37 P. 398 (Cal. 1894); Hammell v. Britton, 119 P.2d 333 (Cal. 1941); Commercial Factors Corp. v. Kurtzman Bros., 280 P.2d 146 (Cal. 1955). Cf. Lampson Lumber Co. v. Hoer, 93 A.2d 143 (Conn. 1952); State Tax Comm'n of Utah v. Cord, 81 Nev. 403, 404 P.2d 422 (1965). See Restatement, Judgments § 12(c) (1942); 3 Freeman on Judgments § 1366 (1925). Due process requires the protection against the inequity of claims made against persons without their knowledge. Griffin v. Griffin, 327 U.S. 220 (1946). While the danger of spurious denials of service of process, authority of attorneys or lack of knowledge by other methods is a consequence, yet the right of cross-examination, proof by deposition and appraisal of credibility by the trial judge are safeguards against abuse.

Barber v. Barber, supra, insofar as it is inconsistent with these principles is therefore expressly overruled and we hold that collateral review of the jurisdiction of a foreign judgment is proper.

Affirmed.

THOMPSON, J., concurs.

JUSTICE BADT being ill, counsel for the parties stipulated that the hearing and determination of this appeal be before the other members of the court.