JOANNE FRANCIS DEROS, AKA JOANNE FRANCIS KILPATRICK, APPELLANT, v. RAY STERN, DBA TROPICANA ESTATES APARTMENTS, RESPONDENT.

No. 6319

April 7, 1971                                    483 P.2d 648

───────

*Singleton, Beckley, DeLanoy, Jemison & Reid,* of Las Vegas, for Appellant.

*Austin & Thorndal,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This is an action for damages for wrongful eviction and conversion of personal property commenced by a tenant, Joanne

Deros, against Wally and Grace Fomrath, the managers of Tropicana Estates Apartments, and Ray Stern the non-resident owner thereof. Process was served upon the Fomraths, but Stern was never served. Patrick Finnegan, who had represented Stern in other matters, filed an answer and counterclaim for all defendants. He had been retained by the Fomraths to so appear, but had not been authorized by Stern to appear on his behalf. The case was tried to a jury and a verdict returned for Joanne Deros against all defendants for $15,-787.98, and judgment was duly entered thereon. About one month later, Stern learned of the judgment against him and employed counsel to challenge its validity. That counsel timely filed a motion to dismiss the complaint and to set aside the judgment on the ground that the court never acquired jurisdiction over Stern. That motion was granted and the judgment was ordered set aside and the complaint dismissed as to Stern. The order was based upon the court's conclusion that Stern was not served with process and had not authorized Finnegan to appear on his behalf. Although the record discloses several incidents from which one might infer that Finnegan was clothed with authority to appear for Stern, it also contains direct evidence that he did not possess such authority, and we are bound by the district court's determination of this point. In any event, it is undisputed that Finnegan's purported representation of Stern was in good faith, even though mistaken. This appeal is from the order setting aside the judgment and dismissing the complaint as to Stern.[1]

1. A direct attack upon a domestic judgment obtained against a defendant who was not served with process, but whose unauthorized appearance was entered in the action through counsel, will be entertained if a timely and appropriate post-judgment motion is filed. Stanton-Thompson Co. v. Crane, 24 Nev. 171 (1897).[2] Fairness demands that the defendant be afforded his day in court. It is equally apparent, however, that

---

[1] The motion to dismiss and set aside judgment was later disavowed by Stern as having been erroneously drawn, and an effort made to substitute therefor a motion to set aside the judgment upon the ground that it was void. However, the district court ruled only upon the first motion and did not consider the substituted motion.

[2] A collateral attack upon a foreign judgment, Barber v. Barber, 47 Nev. 377, 381, 222 P. 284 (1924), or a domestic judgment, Deegan v. Deegan, 22 Nev. 185, 197 (1894), will not be entertained since the recital in the judgment of the attorney's appearance creates a presumption that the appearance was authorized, which presumption cannot be overcome by evidence aliunde.

With regard to a direct attack upon a domestic judgment in these circumstances, see Annot. 88 A.L.R. 12.

the plaintiff also is innocent and entitled to some degree of protection. She had the right to rely upon the purported authority of the attorney who appeared for the non-served defendant. The fact of his appearance should be sufficient for her and for the court, and neither should be required to look beyond the attorney to his authority. In an effort to accommodate and protect the interests of both innocent parties, this court in Stanton, supra, interfered with the judgment only to the extent necessary to give the defendant his day in court. This was accomplished by preserving the lien of the judgment pending final disposition after trial on the merits.

Today, our Rule 60(b)[3] invests the court with a discretionary power to relieve a party from a final judgment "upon such terms as are just," and this language applies to the entire paragraph including judgments that are void. Thus, it would have been permissible for the district court in this case to have disposed of Stern's post-judgment motion in a manner similar to that utilized by the court in Stanton, supra. It did not do so, choosing instead to vacate the judgment and dismiss the complaint. Upon the record of this case this was improper since, for reasons hereafter expressed, we have concluded that Stern entered a general appearance in the action by reason of the relief requested in his post-judgment motion.

2. The consequence of requesting relief in addition to that necessary to protect the movant's contention that jurisdiction of his person was not obtained, is a general appearance. This is so whether the motion is made before judgment [Barnato v. Dist. Court, 76 Nev. 335, 353 P.2d 1103 (1960); Selznick

---

[3]Rule 60(b): "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud, misrepresentation or other misconduct of an adverse party which would have therefore justified a court in sustaining a collateral attack upon the judgment; (3) the judgment is void; or, (4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that an injunction should have prospective application. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than six months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

v. Dist. Court, 76 Nev. 386, 355 P.2d 854 (1960); Benson v. Dist. Court, 85 Nev. 327, 454 P.2d 892 (1969)], or after judgment is entered, Doyle v. Jorgensen, 82 Nev. 196, 201, 414 P.2d 707 (1966). Accordingly, when Stern requested dismissal of the complaint in addition to the setting aside of the judgment, he appeared in the action from that point forward and waived his right to rely upon the lack of service of process and the absence of counsel's authority. Doyle v. Jorgensen, supra. Such waiver, however, is not retroactive so as to breathe life into the judgment previously entered. State v. Dist. Court, 51 Nev. 206, 212, 273 P. 659 (1929); Perry v. Edmonds, 59 Nev. 60, 84 P.2d 711 (1938).

3. Stern's motion to dismiss the complaint and to set aside the judgment was not accompanied by any showing of a meritorious defense to the action. Such a showing is required when the motion is made pursuant to Rule 60(b)(1) upon the ground of mistake, inadvertence, surprise or excusable neglect. Hotel Last Frontier v. Frontier Prop., 79 Nev. 150, 380 P.2d 293 (1963), and the cases therein cited. The same requirement is present when a defendant seeks to vacate a default judgment under Rule 60(c) upon the ground that he was not personally served with process in Nevada or elsewhere. Jenkins v. Goldwater, 84 Nev. 422, 425, 442 P.2d 897 (1968). The appellant asks that we impose the same requirement in this case.

The failure to tender a meritorious defense along with the post-judgment motions is understandable. Stern had good reason to believe that the judgment against him was void since he was not served with process, nor did he authorize counsel to enter an appearance for him. He is now in court by reason of the manner in which the post-judgment motions were prepared. In these narrow circumstances, fairness demands that he be given the opportunity now to responsively plead to the charges leveled against him.

The order below vacating the judgment against Stern may stand; the order dismissing the complaint against him is reversed with permission to file a responsive pleading within 20 days from and after remittitur.

ZENOFF, C. J., BATJER, MOWBRAY, and GUNDERSON, JJ., concur.