VIRGIL D. DUTT, APPELLANT, *v.* VELDA WARREN, NOW KNOWN AS VELDA BRITTON, RESPONDENT.

No. 9544

November 10, 1978           585 P.2d 1344

*Cunningham and Williams,* Chartered, Reno, for Appellant.

*Echeverria and Osborne,* Chartered, Reno, for Respondent.

## OPINION

*Per Curiam:*

Appellant Virgil D. Dutt, assignee of a California judgment against respondent Velda Warren, brought an action in Nevada to enforce the California judgment. Finding that the California court lacked jurisdiction over the respondent in the earlier action, the trial court entered judgment in her favor. Dutt appeals claiming (1) that in collateral review of the foreign judgment the trial court erred by considering respondent's testimony that the attorney recited in the California judgment as appearing for her lacked authority to do so; and (2) that the evidence was insufficient to support the judgment. We disagree.

1. Appellant contends that where the defendant is aware of a foreign judgment reciting the appearance of an attorney for the defendant, and that judgment is not first directly attacked, the court is bound by the judgment roll and may not otherwise examine the attorney's authority upon collateral review of the judgment.

In Barber v. Barber, 47 Nev. 377, 222 P. 284 (1924), this court stated that the recital in a foreign judgment of an attorney's appearance created a conclusive presumption that the appearance was authorized. Thus, in a collateral attack upon a foreign judgment containing such a recital, the court would not review the attorney's authority. However, *Barber* was expressly overruled in Nevada Credit Rating Bu. v. Zarker, 82 Nev. 89, 411 P.2d 478 (1966), where we held that collateral review of the jurisdiction of a foreign judgment is proper. *Zarker* permits a defendant to testify that he was not personally served with process in the foreign action even though the judgment record contains an affidavit of service of process on the defendant. We explicitly negated any different result based on a record reflecting the appearance of an attorney; the forum court has the right to examine the attorney's authority to determine whether jurisdiction over the party existed in the original action, and defendant's testimony on this issue is properly considered. Appellant in effect contends that we overruled *Zarker* and revived *Barber* in a footnote appearing in Deros v. Stern, 87 Nev. 148, 483 P.2d 648 (1971).

The body of the *Deros* opinion states correctly that a *direct* attack upon a *domestic* judgment obtained against a defendant who was not served with process, but whose unauthorized

appearance was entered in the action through counsel, will be entertained if a timely and appropriate post-judgment motion is filed. To contrast this rule the footnote states: "A *collateral* attack upon a foreign judgment, Barber v. Barber, [cited above], or a domestic judgment, Deegan v. Deegan, 22 Nev. 185, 197 (1894), will not be entertained since the recital in the judgment of the attorney's appearance creates a presumption that the appearance was authorized, which presumption cannot be overcome by evidence aliunde." *Id.* at 150. (Emphasis added.) Obviously, the footnote forms no basis for the opinion but is merely explanatory. Moreover, at the time the *Deros* decision was written, the *Barber* case had been expressly overruled. Accordingly, the footnote incorrectly stated the law with respect to foreign judgments. *Zarker,* cited above, is controlling; the trial court properly considered respondent's testimony that the attorney in the California action was not authorized to appear for her.

2.    The record amply supports the judgment below. Appellant presents no proof as to service of summons and complaint on respondent, but relies solely on the judgment recital of appearance of counsel for respondent as conclusive that the court had jurisdiction. The record reveals evidence that at the time service was purportedly made, respondent was living in Reno, Nevada, and knew nothing about the California action. Respondent testified she never hired an attorney to represent her in California, and did not know that one was appearing there for her. This testimony was corroborated by that of a co-debtor on the California judgment, who had actually hired the attorney, and whose testimony was in fact contrary to his own pecuniary interest.

Affirmed.