IN THE SUPREME COURT OF THE STATE OF NEVADA

EDWARD N. DETWILER,
Appellant,
vs.
BAKER BOYER NATIONAL BANK, A
WASHINGTON CORPORATION,
Respondent.

No. 81017

FILED

MAY 06 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER DISMISSING APPEAL*

This is an appeal from a district court judgment awarding sanctions after finding appellant in contempt during enforcement proceedings on a domesticated judgment. Eighth Judicial District Court, Clark County; Richard Scotti, Judge.

On April 21, 2020, respondent moved to dismiss this appeal for lack of jurisdiction, asserting that, as a nonparty to the action below, appellant lacks standing to appeal. On April 27, 2020, after appellant filed an emergency motion to stay the judgment pending our decision in this appeal, we issued an order to show cause why this appeal should not be dismissed for lack of jurisdiction, noting that in addition to the standing issue raised by respondent, the contempt order itself did not appear to be substantively appealable. We deferred ruling on the stay motion pending our resolution of these jurisdictional concerns.

Appellant timely responded to our show cause order, also opposing the motion to dismiss. In his response, appellant asserts that we have jurisdiction because (1) he was treated as a party below, having been named in a subpoena and court documents and having appeared in the action, (2) the order is either an appealable final judgment or an appealable

2•-17193

special order after final judgment, and (3) the equities weigh in favor of allowing this appeal to proceed.

Under NRAP 3A(a), only an aggrieved party may appeal. This court has consistently refused to adopt other jurisdictions' broad views of who is entitled to appeal as a party in favor of clear and absolute rules designed to give fair notice. *Valley Bank of Nevada v. Ginsburg*, 110 Nev. 440, 448, 874 P.2d 729, 735 (1994). In so doing, we have defined party as someone who has been named as a party to the lawsuit and who has been served with process or has appeared. *Id.* (citing *Garaventa Land & Livestock Co. v. Second Judicial Dist. Court*, 61 Nev. 350, 354, 128 P.2d 266, 267-68 (1942)). Here, although appellant indicates instances where he has been called a defendant below (although many of those instances appear to refer to the intervening company that appellant managed, rather than appellant), it appears that appellant was subpoenaed as a witness and has participated on behalf of the intervenor as its manager. Appellant has not pointed to any instances where claims were filed against him or in which he personally was named as garnishee. *See, e.g., Frank Settelmeyer & Sons, Inc. v. Smith & Harmer, Ltd.*, 124 Nev. 1206, 1213, 197 P.3d 1051, 1056 (2008) (recognizing that garnishee defendants may become parties to post-judgment garnishment proceedings). Thus, it does not appear that appellant was a party to the action below.

Even if appellant is considered a party, however, the order is not substantively appealable. A final judgment is one that resolves all of the issues presented in the case, leaving nothing for the future consideration of the court except for post-judgment issues. *Lee v. GNLV Corp.*, 116 Nev. 424, 996 P.2d 416 (2000). The contempt order does not resolve any issues in the case and, as noted above, does not resolve any

garnishment or similar claims against appellant. Thus, it is not a final judgment for purposes of appeal under NRAP 3A(b)(1).

Further, the order does not affect the judgment rights or liabilities of a party to the action. It awards attorney fees as a sanction unrelated to the judgment between the parties. Therefore, it does not qualify as a special order after final judgment appealable under NRAP 3A(b)(8). *Gumm v. Mainor*, 118 Nev. 912, 920, 59 P.3d 1220, 1225 (2002) ("A special order made after final judgment, to be appealable under [NRAP 3A(b)(8)], must be an order affecting the rights of some party to the action, growing out of the judgment previously entered.").

As explained in *Pengilly v. Rancho Santa Fe Homeowners Association*, "this court does not have jurisdiction over an appeal from a contempt order where no rule or statute provides for such an appeal." 116 Nev. 646, 649, 5 P.3d 569, 571 (2000). As no rule or statute provides for the appeal here, we lack jurisdiction and

ORDER this appeal DISMISSED.[1]

_____, J.
Gibbons

_____, J.          _____, J.
Stiglich                                              Silver

---

[1]In light of this order, appellant's motion for stay is denied as moot. As we lack jurisdiction, we deny appellant's request to grant a stay pending any potential filing of a writ petition.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:    Hon. Richard Scotti, District Judge
        Hutchison & Steffen, LLC/Las Vegas
        Lewis Roca Rothgerber Christie LLP/Las Vegas
        Eighth District Court Clerk