## CHICAGO TITLE & TRUST CO. v. FOX THEATRES CORPORATION.

### In re FOX.
### No. 145.

Circuit Court of Appeals, Second Circuit.
Feb. 13, 1934.

Hirsh, Newman, Reass & Becker, of New York City (David L. Podell, Benjamin Reass, Daniel G. Rosenblatt, and Felix S. Cohen, all of New York City, of counsel), for appellant.

Archibald R. Watson, of New York City (Ralph O. Willguss and Hyman W. Gamso, both of New York City, of counsel), for receivers-appellees.

Henry Brill, of New York City (Ralph O. Willguss and Hyman W. Gamso, both of New York City, of counsel), for defendant-appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

In June, 1932, receivers were appointed for Fox Theatres Corporation, a New York corporation (hereafter called Theatres), upon a creditors' bill filed in the court below by Chicago Title & Trust Company. About a month later Chicago Title & Trust Company brought in the Supreme Court of New York county an action against William Fox upon a written guaranty by which he guaranteed performance by Theatres of a con-

tract it had made in 1924 with one Henry Lubin, whose interest had subsequently passed by assignment to the state court plaintiff. In the state court action Fox alleged in his answer that the plaintiff, Theatres, and others had conspired to disable Theatres to perform its contract with Lubin in order to impose liability upon Fox as guarantor. These facts he set up not only as a defense to the action, but also as a counterclaim against the alleged conspirators to the extent of any judgment which might be rendered against him. As a second counterclaim against Theatres and its receivers, the answer alleged that Theatres, as principal, would be liable over for any recovery against Fox, as guarantor. The state court granted him leave to join as defendants the parties against whom his answer asserted counterclaims, but conditioned its consent with respect to Theatres and its receivers upon his obtaining leave from the District Court. Thereupon Fox filed his petition in the receivership suit, setting forth the foregoing facts and asking leave to make Theatres and its receivers parties defendant to the state court action. In opposition the receivers set forth by affidavit that in October, 1932, Fox had filed with the receivers a proof of claim asserting that he was entitled to reimbursement by Theatres for any judgment which might be entered against him in the state court action and for his expenses in defending the same. Leave was denied; and this is an appeal from that order. No opinion was written by the District Court.

From the petition it appears that Fox asserts two causes of action against Theatres—one in tort, on the theory that it has conspired with others to cause him loss; the other in contract, based on the normal relationship of principal and surety. In short, he claims to be a creditor of Theatres and desires to liquidate his claim by way of counterclaim in the state action which is pending against him.

■■ The appointment of an equity receiver of the property of a debtor corporation draws to the appointing court jurisdiction to decide all questions of the preservation, collection, and distribution of its assets. Distribution of the assets necessarily involves a prior determination of the existence and amount, that is, a liquidation, of the claim of each creditor who is to participate in the distribution. The first question presented by this appeal is whether the receivership court is vested with exclusive power to determine for itself, if it sees fit, the liquidation of such claims. Liquidation of a claim is strictly a proceeding in personam; it does not directly deal with receivership assets, and there is no inherent reason why adjudication of the liability of the debtor might not be had in a court other than that which controls their distribution. Riehle v. Margolies, 279 U. S. 218, 224, 49 S. Ct. 310, 73 L. Ed. 669; Hatch v. Morosco Holding Co., 19 F.(2d) 766 (C. C. A. 2). Compare cases holding that a federal court may exercise jurisdiction to establish the claims of creditors, legatees, and heirs in respect to an estate in probate, so long as no attempt is made to seize and control property which is in the possession of the state court. Waterman v. Canal-Louisiana Bank Co., 215 U. S. 33, 30 S. Ct. 10, 54 L. Ed. 180; Byers v. McAuley, 149 U. S. 608, 13 S. Ct. 906, 37 L. Ed. 867; Yonley v. Lavender, 21 Wall. 276, 22 L. Ed. 536; Green's Adm'x v. Creighton, 23 How. 90, 16 L. Ed. 419. It has long been accepted practice for the receivership court, in appropriate cases, to grant permission to liquidate a claim by suit in another tribunal, and it has commonly been supposed that such permission was a prerequisite to the suit. A dictum in Porter v. Sabin, 149 U. S. 473, 478, 13 S. Ct. 1008, 37 L. Ed. 815, may be construed to that effect.

■ But the recent decision in Riehle v. Margolies, supra, casts serious doubt upon the correctness of that dictum. There it was held that an action pending in a state court when the federal receivership suit was filed could not be stayed, and that the judgment subsequently rendered therein was res judicata as to the amount of the claim when proved in the receivership. It is true that the opinion expressly leaves open the question whether such a judgment would be conclusive if recovered in an action commenced after the receivership. We are unable, however, to see any logical basis for a distinction. The theory of the decision is, as already stated, that the liquidation of a claim in personam by another court is not part of the distribution of assets. Upon that theory, what difference can it make whether the action is pending? That means only that the creditor has served process on the defendant before the receiver was appointed. That does not change the defendant's obligation, though it does give the state court jurisdiction of the parties and the controversy. It is true that section 265 of the Judicial Code (28 USCA § 379) forbids granting an injunction "to stay proceedings in any court of a State." But the rule of this statute,

read with section 262 (28 USCA § 377), is subject to well-recognized exceptions. Wells Fargo & Co. v. Taylor, 254 U. S. 175, 183, 41 S. Ct. 93, 65 L. Ed. 205; Julian v. Central Trust Co., 193 U. S. 93, 112, 24 S. Ct. 399, 48 L. Ed. 629; Kline v. Burke Construction Co., 260 U. S. 226, 229, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077. Consequently if a state suit will have the effect of impairing or frustrating the jurisdiction of the federal court, it may be stayed even though pending before the receivership. Unless it will have such effect, we see no equitable ground for enjoining a creditor from commencing it after the receivership. See Calhoun v. Lanaux, 127 U. S. 634, 639, 8 S. Ct. 1345, 32 L. Ed. 297; Guardian Trust Co. v. Kansas City So. Ry. Co., 146 F. 337, 340 (C. C. A. 8); Guaranty Trust Co. v. North Chicago St. R. Co., 130 F. 801 (C. C. A. 7); Equitable Trust Co. v. Denney, 24 F.(2d) 169 (C. C. A. 7). Since liquidation of a debt does not directly deal with distribution, a suit seeking such liquidation does not interfere with the jurisdiction of the receivership court, and hence cannot be enjoined. If the receivership court would have no ground to enjoin prosecution of such a suit, we see no necessity for obtaining its leave to commence it. Such we believe to be the necessary result of Riehle v. Margolies, supra. As there pointed out, the power to fix the time for distribution may include the power, in the exercise of judicial discretion, to decline to postpone distribution to await the termination of litigation in another court over a contested claim. But subject to the possibility that the judgment recovered may be too late to be proved as a claim in the receivership, we see no reason why a creditor may not sue the receivership defendant in a state court, if he so desires, and without first obtaining leave from the receivership court. New York cases have recognized that the appointment of a receiver does not preclude a plaintiff from thereafter starting suit against the receivership defendant, if subject to service, although collection of the judgment is another matter. See Pringle v. Woolworth, 90 N. Y. 502; Gaboury v. Central Vt. Ry. Co., 225 App. Div. 145, 231 N. Y. S. 630, reversed on other grounds, 250 N. Y. 233, 165 N. E. 275; Jacobs v. Central Vt. Ry. Co., 132 Misc. 144, 228 N. Y. S. 705, 708; City of N. Y. v. Ill. Surety Co., 180 App. Div. 513, 167 N. Y. S. 752.

Under this view it would have been unnecessary for the petitioner to ask leave to sue Theatres except for the fact that the order which appointed the receivers contained a restraining order enjoining all persons from commencing any suit against Theatres. This order is not referred to in the petition and does not appear in the record. But it is referred to in the briefs, and, being a matter of record in the court below, we may take judicial notice of it. In view of what we have said above, the restraining order was too broad; it included suits for merely liquidating claims of creditors. It was not within the court's equitable powers to restrain the commencement of such suits. The petition for leave to sue was equivalent to a request to lift this restraining order as to the petitioner. This request should have been granted.

Suits against receivers stand differently from suits against the receivership defendant. They are officers of the court, and concededly cannot be sued without the court's consent. Barton v. Barbour, 104 U. S. 126, 26 L. Ed. 672. The granting of consent was within the court's discretion, and we see no abuse of discretion in denying it, particularly since the petitioner's claim may be liquidated by suing the defendant. As a practical matter it probably makes little difference whether the receivers are formally made parties defendant. They will doubtless find it expedient to represent Theatres in the litigation, for at least as to the counterclaim based on the contract right of a guarantor to be indemnified by the principal it would seem expedient for the receivers to hold to as low a figure as possible any recovery which the plaintiff may make against the guarantor.

The order is modified so as to permit Fox Theatres Corporation to be made a party defendant to the state court action.