*1209
 
 OPINION
 

 By the Court,
 

 Cherry, J.:
 

 These consolidated matters arise from an action in which a law firm sought to recover attorney fees incurred for its representation of a corporation in a separate receivership and dissolution action. The district court awarded the requested fees; approved the law firm’s garnishment and directed the corporation’s receiver to pay the firm out of the receivership funds; and awarded the firm additional fees under the offer of judgment protocol. The corporation has appealed from the attorney fees judgment and post-judgment order, and the receiver has appealed from the court’s order on garnishment.
 

 As a threshold matter, the firm challenges this court’s jurisdiction to consider the receiver’s appeal, asserting that the receiver was not a party below and that he was not aggrieved by the district court’s order on garnishment. Having considered the parties’ jurisdictional arguments, we conclude that we have jurisdiction over the receiver’s appeal because the court’s order constituted a final judgment in the garnishment proceeding, and since the order was rendered against the receiver, who was the garnishee defendant in that proceeding, he is an aggrieved party entitled to appeal.
 

 As for the merits of the parties’ appeals, we address whether the failure to pursue a claim under the receivership claims process necessarily precludes the recovery of attorney fees outside of the receivership court. We also address whether fees are appropriate when a firm represents both the corporation and its majority shareholder and president, as well as whether the firm can recover fees for representing itself in the separate attorney fees action.
 

 
 *1210
 
 We conclude that claims for attorney fees incurred in a receivership and dissolution action can be liquidated in a separate action. The court in that separate action, however, has no jurisdiction to levy on receivership funds without the receivership court’s permission. Accordingly, as we conclude that no conflict of interest barred recovery here, we affirm the district court’s judgment liquidating the firm’s attorney fees. We reverse, however, the district court’s orders concerning garnishment and disbursement of receivership funds. Finally, we conclude that a law firm cannot recover fees for representing itself, and we therefore reverse the post-judgment order awarding attorney fees.
 

 FACTS
 

 This matter implicates two district court actions: a corporate dissolution action and an action to recover attorney fees incurred in the dissolution action. The dissolution action involved a minority shareholder’s suit against a closely held corporation, appellant Frank Settelmeyer & Sons, Inc. (FSS), and the majority shareholder and FSS president, Karen White. The minority shareholder alleged that White had engaged in misconduct when assuming control of the corporation and requested that the district court appoint a receiver and dissolve the corporation.
 

 In the dissolution action, which was assigned to Judge Michael P. Gibbons, White and FSS were initially represented by respondent Smith & Harmer, Ltd. When the minority shareholder amended her complaint to include Smith & Harmer as a defendant, however, the firm withdrew all representation. After withdrawing, Smith & Harmer filed a notice of its attorney’s lien for services rendered in the dissolution action prior to its withdrawal.
 

 Thereafter, Smith & Harmer instituted a separate district court action against FSS to recover the attorney fees owed for its services in the dissolution action, which was ultimately assigned to Judge David R. Gamble. Meanwhile, in the dissolution action, the court appointed a receiver, appellant Sean Boyd, to oversee the corporation’s dissolution and asset disbursement. The receivership court ordered all creditors to submit notice of any claims to the receiver by January 1, 2004. The receiver then sought leave to intervene in the attorney fees action pending before Judge Gamble; his request was denied.
 

 Although Smith & Harmer did not submit its attorney fees claim to the receiver in the dissolution action, and despite the pending separate action to recover those fees, it later moved the receivership court to enforce its attorney’s lien. Because Smith & Harmer had failed to submit its motion for decision, however, the receivership court found that Smith & Harmer had abandoned its
 
 *1211
 
 claim. The court also stated that “good cause” existed to deny the claim. Accordingly, Smith & Harmer obtained no attorney fees from the receivership court.
 

 In the attorney fees action, Smith & Harmer made an offer of judgment for $25,000, which FSS refused. Thereafter, and after the receivership court had ruled on the attorney’s lien issue, Judge Gamble rendered judgment in favor of Smith & Harmer, determining that Smith & Harmer’s right to attorney fees was not waived by its failure to submit a claim to the receiver in the dissolution action, as FSS had argued, and awarding Smith & Harmer fees, costs, and interest in the amount of $28,623.21.
 

 Based on that judgment, Smith & Harmer then filed a post-judgment motion for attorney fees and costs under NRS 17.115(4)(d)(3), asserting that FSS had failed to obtain a more favorable judgment than Smith & Harmer’s offer of judgment. The district court granted Smith & Harmer’s motion and awarded it additional attorney fees and costs in the amount of $14,012. FSS has appealed from the judgment and the post-judgment order awarding attorney fees.
 

 Thereafter, Smith & Harmer attempted to enforce the judgments against the corporation by garnishing funds held by the receiver. After Smith & Harmer served a writ of garnishment and interrogatories on the receiver as garnishee, the receiver answered Smith & Harmer’s interrogatories. To interrogatory number three, which questioned whether the receiver had on that date any property in which FSS “was interested,” the receiver answered “no.” Smith & Harmer filed a reply traversing the receiver’s answer and seeking a default judgment for the receiver’s answer to interrogatory number three. The receiver then filed a motion to quash and a declaration. According to the district court, the declaration revealed that the receiver held $450,000 of FSS’s money for payment of claims against the corporation and had been ordered by the receivership court to pay all claims against FSS out of that amount.
 

 After a hearing on the matter, the court concluded that the receiver was subject to garnishment under NRS 31.292(1), which provides that “[c]lerks of the courts, sheriffs, justices of the peace, peace officers and all other officers who may, by virtue of their office, collect or hold money belonging to a defendant and all guardians, attorneys and trustees are subject to garnishment in the same manner and to the same extent as other persons are subject to be garnished.’ ’ The court also found that the receiver had unintentionally incorrectly answered interrogatory number three, which was tantamount to a failure to answer that question at all, entitling Smith & Harmer to a default judgment against the receiver personally. Nonetheless, the court determined, so long as receivership
 
 *1212
 
 funds were paid in satisfaction of Smith & Harmer’s judgment, no judgment would be rendered against the receiver personally. Accordingly, the court required the receiver to pay the judgment from the receivership funds, and the receiver appealed. The receiver’s appeal was consolidated with FSS’s appeals from the judgment and the post-judgment order.
 

 After the receiver’s appeal was filed, Smith & Harmer moved to dismiss his appeal for lack of jurisdiction, asserting that the receiver was not an aggrieved party with standing to appeal. As directed, the parties then briefed the jurisdictional issues. In addition to the party and aggrieved status issues raised in the motion to dismiss, the parties addressed whether the orders specified in the receiver’s notice of appeal were substantively appealable.
 

 DISCUSSION
 

 Jurisdiction over the receiver’s appeal
 

 Preliminarily, we must determine whether we have jurisdiction to consider the receiver’s appeal. In its motion to dismiss the receiver’s appeal, Smith & Harmer alleges that the receiver is not a party and that, even if he were a party, the receiver is not aggrieved. We disagree, since the district court’s order on garnishment was a final order in the garnishment proceeding, rendered against the receiver as the garnishee defendant, and therefore appealable by the receiver under NRS 31.460 and NRAP 3A.
 

 Under NRAP 3A(a), only aggrieved parties to the district court action may appeal.
 
 [2]
 
 As this court noted in
 
 Albert D. Massi, Ltd.
 
 v.
 
 Bellmyre,
 
 “[t]o qualify as a party, an entity must have been named and served.”
 
 [3]
 
 Here, the record reflects that the receiver was not named as a party to the attorney fees action, and although the receiver moved to be substituted in as a party, leave to do so was expressly denied.
 
 [4]
 

 Moreover, this court generally adheres to the proposition that it has jurisdiction to consider an appeal only when the appeal is au
 
 *1213
 
 thorized by statute or court rule.
 
 [5]
 
 Under NRAP 3A(b)(l), appeals may be taken from final judgments “in an action or proceeding commenced in the court in which the judgment is rendered.’ ’ This court has stated that a judgment is final when it resolves all of the issues that the case presents.
 
 [6]
 
 Further, this court has recognized that “[t]here may not be more than one final judgment in an action or proceeding.”
 
 [7]
 
 In this case, the district court judgment awarding Smith & Harmer attorney fees for its services in the dissolution action was the final judgment in the attorney fees action.
 

 Thus, the receiver was not a party to the attorney fees action and that action was finally resolved by the district court’s judgment awarding Smith & Harmer attorney fees. Nevertheless, the receiver was a party to, and affected by, the final judgment in the supplementary garnishment proceedings that Smith & Harmer brought in attempting to enforce its judgments. As a result, the receiver’s appeal from that judgment invoked our jurisdiction.
 

 Appeals from garnishment judgments
 

 Garnishment proceedings are generally considered special proceedings.
 
 [8]
 
 NRS Chapter 31 governs, among other things, pre- and post-judgment garnishment proceedings.
 
 [9]
 
 Under that chapter, writs of garnishment must be served in the same manner as a summons in a civil action,
 
 [10]
 
 which gives the court jurisdiction to proceed against the “garnishee defendant.”
 
 [11]
 
 Accordingly, garnishees who are properly served or appear formally become parties of record to the garnishment proceeding.
 
 [12]
 

 
 *1214
 
 When a writ of garnishment is served, the garnishee defendant then has 20 days to answer statutorily specified interrogatories.
 
 [13]
 
 If a properly served garnishee defendant fails to answer the interrogatories, the court must enter judgment for the garnished amount “in favor of the defendant for the use of the plaintiff against the garnishee.”
 
 [14]
 
 If the garnishee defendant answers the interrogatories, the matter proceeds in one of two ways. If the garnishee defendant admits that he has the defendant’s property, the court may enter a judgment in the defendant’s favor.
 
 [15]
 
 But, if the garnishment is contested, the matter must be tried and judgment rendered, in a manner similar to civil cases.
 
 [16]
 

 After a final judgment in the garnishment proceedings is rendered, the garnishee defendant may obtain relief therefrom as in other civil cases
 
 [17]
 
 and new trial motions may be made.
 
 [18]
 
 Moreover, as expressly provided for in NRS 31.460, appeals may be taken “from any final judgment or order in such proceedings as in other civil cases.”
 
 [19]
 
 As a result, a judgment in favor of or against the garnishee defendant constitutes the final judgment in the garnishee proceeding, which may be appealed by an aggrieved party under NRAP 3A(a) and (b)(1).
 

 Here, although the district court purported not to render judgment against the receiver as garnishee, it appears that, by directing the receiver to pay the judgment from the receivership funds despite protest, the court essentially ruled against the receiver. The court’s order thus constitutes the final judgment in the garnishment proceeding, by which the receiver, as garnishee, was aggrieved. As a result, we conclude that we have jurisdiction over the re
 
 *1215
 
 ceiver’s appeal,
 
 [20]
 
 and, therefore, we deny Smith & Harmer’s motion to dismiss.
 

 Substantive issues
 

 Although we generally review attorney fees awards for abuse of discretion,
 
 [21]
 
 when issues raised on appeal involve purely legal questions, we review those issues de novo.
 
 [22]
 

 Judgment awarding attorney fees to Smith & Harmer
 

 In challenging the district court’s judgment awarding attorney fees to Smith & Harmer, FSS argues that the district court lacked authority to award the fees because Smith & Harmer failed to submit to the receivership claims process, which NRS 78.675 requires, and because the receivership court, which is vested with the exclusive power to adjudicate asset disbursement, had already denied its claim. FSS also asserts that the fees were improperly awarded for representation in which Smith & Harmer had a conflict of interest. Smith & Harmer contend, however, that NRS 78.675’s claims process is not the only means for resolving a claim for unpaid attorney fees, that it could recover its fees in a separate action, and that the fees were proper.
 

 The judgment was not barred by Smith & Harmer’s failure to submit to the NRS 78.675 claims process
 

 When a receiver is appointed to wind up a corporation’s affairs, the corporation is divested of all property, both real and personal, title to which vests in the receiver, who is subject to the receivership court’s sole direction.
 
 [23]
 
 The receiver’s primary purpose is to preserve the property’s value for those to whom it is ultimately determined that the property belongs, so to “accommodate all claims possible.”
 
 [24]
 
 In furtherance of this purpose, NRS 78.675 governs
 
 *1216
 
 claims against a corporation that has been placed into receivership, requiring
 
 all
 
 creditors to participate by filing their claims within six months of the receiver’s appointment, or sooner if the court so provides:
 

 All creditors shall present and make proof to the receiver of their respective claims against the corporation within 6 months from the date of appointment of the receiver or trustee for the corporation, or sooner if the court shall order and direct, and all creditors and claimants failing to do so within the time limited by this section, or the time prescribed by the order of the court, shall by the direction of the court be barred from participating in the distribution of the assets of the corporation.
 

 Claims to the receiver must be submitted in writing and under oath,
 
 [25]
 
 and the court may deny any claims not made by the statutory or stated deadline.
 
 [26]
 

 FSS asserts that Smith & Harmer’s failure to abide by this process when seeking to recover the attorney fees incurred for its representation in the dissolution action, in which its attorney’s lien arose, rendered Smith & Harmer’s independent attorney fees action improper. Generally, attorneys are not required to assert their fee claims in the action in which they are incurred but instead may file an independent action to recover their fees because the “right to be paid is not based upon, or limited to, [the] lien. It is based upon a contract, express or implied.”
 
 [27]
 
 In receivership actions, however, this general principle applies only to the extent that the independent action is brought to liquidate the attorney fees claim.
 

 As noted, the assets of a corporation placed into receivership are vested in the receiver, who is subject to the receivership court’s exclusive control and direction regarding distribution.
 
 [28]
 
 Accordingly, without the receivership court’s permission, other courts and parties to other actions usually cannot interfere with the distribution of those assets by means of garnishment or attachment.
 
 [29]
 
 An action
 
 *1217
 
 merely to liquidate a claim, however, does not in and of itself directly deal with or interfere with the receivership assets.
 
 [30]
 

 Here, Smith & Harmer filed their claim for attorney fees prior to the appointment of the receiver. As indicated by Smith & Harmer’s complaint in the independent action, the firm sought to recover attorney fees against FSS under a contractual theory Because the firm had not formally requested the receiver or the receivership court to adjudicate its claims for those fees, it was free to institute an independent action to liquidate them.
 

 The judgment was not barred by the receivership court’s decision regarding attorney fees
 

 FSS argues that the judgment for attorney fees was barred, apparently under res judicata or law of the case principles, because the receivership court had already ruled on the matter when the judgment was rendered. But the receivership court’s order, while touching on the issue, did not bar the independent judgment for two reasons. First, it appears that the receivership court concluded that the lien claim had been abandoned due to Smith & Harmer’s failure to submit its motion to enforce the lien for decision. Accordingly, there was no need for the court to reach the claim’s merits. Second, to the extent that the court did reach the merits, concluding that “good cause” existed to deny the claim, the court failed to explain its reasoning. Therefore, we presume that the court so found because the lien was not ripe, as no recovery in the case had been obtained to which the lien could attach.
 
 [31]
 
 In any case, as is more fully addressed below, the receivership court’s order did not preclude Smith & Harmer from later seeking leave to file a late claim for its unpaid fees.
 

 Smith & Harmer was not barred from recovering attorney fees by the alleged conflict of interest
 

 Finally, FSS asserts that Smith & Harmer was barred from recovering the unpaid attorney fees because it was disqualified under the Nevada Rules of Professional Conduct due to a conflict of interest that arose from its representation of both White and FSS, since it did not obtain consent for its dual representation. Generally, an attorney may not recover fees for services rendered in violation of the rules of professional conduct.
 
 [32]
 
 RPC 1.7(a) provides
 
 *1218
 
 that a concurrent conflict of interest exists when the representation of one client is directly adverse to that of another client, or when one client’s representation causes a significant risk that another client’s representation will be materially limited.
 

 Here, the district court specifically noted that the dissolution action was not a derivative shareholder action in which the corporation’s interests were necessarily adverse to White’s interests and found that Smith & Harmer’s dual representation did not involve a conflict of interest necessitating consent or barring its recovery of attorney fees. We determine that the district court did not abuse its discretion in concluding that no conflict of interest existed with respect to Smith & Harmer’s representation of both White and FSS, since their interests were not adverse and posed no significant risk of materially limiting representation.
 
 [33]
 
 Accordingly, we conclude that this contention is without merit.
 

 For the reasons noted, we conclude that the district court properly liquidated Smith & Harmer’s claim for attorney fees.
 

 Post-judgment garnishment and disbursement orders
 

 In his appeal, the receiver asserts that the district court erred when, after liquidating Smith & Harmer’s attorney fees claim, it ordered garnishment and directed payment from the receivership assets, because the garnishment interfered with the receivership court’s authority over the funds.
 

 The receiver argues that the district court had no authority to issue orders approving garnishment and disbursing the receivership funds because doing so interfered with the receiver’s legal custody over the property. In
 
 Gottwals
 
 v.
 
 Manske,
 

 [34]
 

 we recognized that, be
 
 *1219
 
 cause receivership property is in the receiver’s legal custody, it is not subject to levy without the receivership court’s permission, and therefore, any attempt to garnish or attach the property without that court’s permission invades the receivership court’s jurisdiction.
 
 [35]
 

 Smith & Harmer nonetheless assert that the Legislature authorized garnishment on receivers when it enacted NRS 31.292(1) and that, here, the receivership court itself authorized the garnishment of receivership property when, in an order partially distributing receivership funds, it reserved an amount “for the purpose of resolving claims by and against [FSS].” NRS 31.292(1) provides that “all other officers who may, by virtue of their office, collect or hold money belonging to a defendant ... are subject to garnishment . . . .” But as noted above, the appointment of a receiver divests the corporation of all property, title to which vests in the receiver.
 
 [36]
 
 Accordingly, a receiver does not hold money that “belongs to” the corporation for purposes of garnishment and, thus, does not fall within NRS 31.292(l)’s purview.
 

 Further, the receivership court’s order made no mention of any claim by Smith & Harmer, garnishment, or the independent attorney fees action, and it did not expressly or impliedly direct any payments from the reserved amount. Indeed, the amount was reserved explicitly to satisfy any future order by the receivership court. Accordingly, we conclude that the district court erred in the garnishment proceedings when it entered orders interfering with the receivership court’s jurisdiction. We therefore reverse the order on garnishment; the court may not garnish, or direct the receiver to satisfy the judgment out of, receivership funds.
 

 This is not to say that Smith & Harmer necessarily is without means to recover the attorney fees awarded under the district court’s judgment. As we have previously explained, “the appropriate course in all cases where parties are desirous of obtaining possession of property which has come into the hands of a receiver, is to apply to the court from which he derives his appointment.”
 
 [37]
 
 Thus, to recover any funds under the judgment, Smith & Harmer is required to apply to the receivership court. The receivership court has discretion to allow a late-filed claim, and generally, to refuse to do so when sufficient assets to cover the claim remain at the time when the claim is made constitutes an
 
 *1220
 
 abuse of that discretion.
 
 [38]
 
 By proceeding in this manner, however, the firm incurs the risk that the attorney fees judgment will be rendered too late to be satisfied out of receivership funds.
 
 [39]
 

 Post-judgment order awarding attorney fees
 

 Lastly, FSS argues that the district court erred in awarding post-judgment attorney fees to Smith & Harmer under the offer of judgment protocol because those fees were incurred to defend itself.
 

 A district court cannot award attorney fees unless authorized by statute, rule, or contract.
 
 [40]
 
 NRS 17.115 and NRCP 68 authorize the district court to award attorney fees when a party that declines an offer of judgment fails to obtain a more favorable judgment. Thus, in its post-judgment order, the district court ordered FSS to pay attorney fees to Smith & Harmer under the offer of judgment protocol because Smith & Harmer obtained an award more favorable than its $25,000 offer of judgment.
 

 A party that represents itself, however, is not eligible for attorney fees. We have held that another attorney fee provision, NRS 69.030, which provides that a prevailing party shall receive reasonable attorney fees and costs, does not authorize an award of attorney fees to a prevailing proper person litigant, even if that litigant is an attorney.
 
 [41]
 
 The reasoning for that decision is that “an attorney proper person litigant must be genuinely obligated to pay attorney fees before he may recover such fees.”
 
 [42]
 

 Here, Smith & Harmer represented itself in the attorney fees litigation, and thus it was not genuinely obligated to pay attorney
 
 *1221
 
 fees. As with fees awarded under NRS 69.030, we conclude that attorneys who represent themselves in litigation generally may not recover attorney fees for doing so. Consequently, the district court abused its discretion when it awarded fees under the offer of judgment protocol because Smith & Harmer sued on its own behalf. Accordingly, we reverse the post-judgment order awarding attorney fees of $14,012.
 

 CONCLUSION
 

 We have jurisdiction over the receiver’s appeal from the district court’s order on garnishment because that order constituted the final judgment in the garnishment proceeding, in which the receiver was named and served as the garnishee defendant, and by which he was aggrieved.
 

 With respect to these appeals’ merits, we conclude that the district court did not abuse its discretion in awarding Smith & Harmer the attorney fees it incurred in the dissolution action because a firm may liquidate its claim for attorney fees in a court separate from the receivership court and the receivership court had not already adjudicated that precise claim on its merits. Moreover, Smith & Harmer were not barred from recovering those fees based on any conflict of interest. Therefore, we affirm the district court’s judgment liquidating Smith & Harmer’s attorney fees.
 

 The district court’s garnishment and disbursement orders were improper, however, because only the receivership court has the authority to direct the receiver to pay Smith & Harmer’s judgment. Consequently, because the court had no authority to direct the receiver to satisfy the judgment out of receivership funds, we reverse the district court’s garnishment and disbursement order.
 

 Finally, the district court abused its discretion in awarding post-judgment attorney fees under the offer of judgment protocol because Smith & Harmer is not entitled to fees for representing itself. Accordingly, we reverse the post-judgment order awarding attorney fees and costs.
 

 Maupin, C. J., Hardesty, Parraguirre, Douglas and Saitta, JJ., and Agosti, Sr. J., concur.
 

 [2]
 

 See Albert D. Massi, Ltd. v. Bellmyre,
 
 111 Nev. 1520, 1521, 908 P.2d 705, 706 (1995).
 

 [3]
 

 Id.; see also Valley Bank of Nevada v. Ginsburg,
 
 110 Nev. 440, 447, 874 P.2d 729, 734 (1994) (explaining that this court has consistently defined a party as someone who has been named a party in the record and who, as such, is served with process or enters an appearance).
 

 [4]
 

 See generally Chicago Title & Trust Co.
 
 v.
 
 Fox Theatres Corporation,
 
 69 F.2d 60, 62 (2d Cir. 1934) (recognizing that a receiver is a party to an independent suit against the receivership corporation only when formally made a party).
 

 [5]
 

 Taylor Constr. Co.
 
 v.
 
 Hilton Hotels,
 
 100 Nev. 207, 209, 678 P.2d 1152, 1153 (1984).
 

 [6]
 

 See Lee v. GNLV Corp.,
 
 116 Nev. 424, 426, 996 P.2d 416, 417 (2000).
 

 [7]
 

 Alper
 
 v.
 
 Posin,
 
 77 Nev. 328, 331, 363 P.2d 502, 503 (1961),
 
 overruled on other grounds by GNLV Corp.,
 
 116 Nev. 424, 996 P.2d 416;
 
 see also Greene
 
 v.
 
 Dist. Ct.,
 
 115 Nev. 391, 395, 990 P.2d 184, 186 (1999).
 

 [8]
 

 See, e.g., Turpin v. Coates,
 
 11 N.W. 300, 301 (Neb. 1881) (providing that “special proceedings” “include every special statutory remedy which is not in itself an action”);
 
 Electrical Products Corporation v. Ziegler D. Stores, Inc.,
 
 68 P.2d 135, 136 (Or. 1937) (stating that “[g]amishment proceedings are special proceedings after judgment”; they “partake[ ] of the nature of, and is in all essentials, a separate action or suit against the person garnished”).
 

 [9]
 

 See
 
 NRS 31.450 (providing that, generally and to the extent possible, NRS Chapter 31 prejudgment attachment and garnishment provisions apply equally to post-judgment garnishment matters).
 

 [10]
 

 NRS 31.270(1).
 

 [11]
 

 NRS 31.280.
 

 [12]
 

 Valley Bank of Nevada v. Ginsburg,
 
 110 Nev. 440, 447, 874 P.2d 729, 734 (1994) (defining a party as someone who has been named a party in the record and is served with process or enters an appearance);
 
 cf. Albert D. Massi, Ltd.
 
 
 *1214
 
 v.
 
 Bellmyre,
 
 111 Nev. 1520, 1521, 908 P.2d 705, 706 (1995) (stating that a party is someone who has been named as served).
 

 [13]
 

 NRS 31.260(l)(e); NRS 31.290.
 

 [14]
 

 NRS 31.320(1);
 
 see also
 
 NRS 31.260(2) (requiring that the writ of garnishment warn the garnishee defendant that failure to answer the interrogatories will result in a default judgment against him).
 

 [15]
 

 NRS 31.300.
 

 [16]
 

 See, e.g.,
 
 NRS 31.330 (governing answers); NRS 31.340 (governing trial); NRS 31.350 (governing interpleader in the “garnishee action” when the garnished property is claimed by a third party); NRS 31.360 (allowing for counterclaims).
 

 [17]
 

 NRS 31.320(2).
 

 [18]
 

 NRS 31.460.
 

 [19]
 

 Id.
 

 As garnishment proceedings are special proceedings, final orders in which are expressly appealable under NRS 31.460, this result is consistent with prior decisional law stating that there can be but “one final judgment in an action
 
 or
 
 proceeding.”
 
 Alper v. Posin,
 
 77 Nev. 328, 331, 363 P.2d 502, 503 (1961) (emphasis added),
 
 overruled on other grounds by Lee
 
 v.
 
 GNLV Corp.,
 
 116 Nev. 424, 996 P.2d 416 (2000).
 

 [20]
 

 See Board of Trustees v. Durable
 
 Developers, 102 Nev. 401, 724 P.2d 736 (1986) (recognizing an appeal and cross-appeals from a judgment in a garnishment proceeding).
 

 [21]
 

 Wynn v.
 
 Smith, 117 Nev. 6, 13, 16 P.3d 424, 428 (2001);
 
 Albios
 
 v.
 
 Horizon Communities, Inc.,
 
 122 Nev. 409, 417, 132 P.3d 1022, 1027-28 (2006).
 

 [22]
 

 Pressler
 
 v.
 
 City of Reno,
 
 118 Nev. 506, 509, 50 P.3d 1096, 1098 (2002).
 

 [23]
 

 NRS 78.640; NRS 78.650(1) and (5);
 
 Anes v. Crown Partnership, Inc.,
 
 113 Nev. 195, 200, 932 P.2d 1067, 1070 (1997);
 
 Gottwals v. Manske,
 
 60 Nev. 76, 82-84, 99 P.2d 645, 648 (1940),
 
 overruled in part on other grounds by Poirier v. Bd. of Dental Examiners,
 
 81 Nev. 384, 387, 404 P.2d 1, 2 (1965),
 
 overruled in part on other grounds by Pengilly v. Rancho Santa Fe Homeowners,
 
 116 Nev. 646, 648-49 & n.2, 5 P.3d 569, 570-71 & n.2 (2000).
 

 [24]
 

 Anes,
 
 113 Nev. at 199-200, 932 P.2d at 1069-70.
 

 [25]
 

 NRS 78.680.
 

 [26]
 

 NRS 78.675.
 

 [27]
 

 Sarman v. Goldwater, Taber and Hill,
 
 80 Nev. 536, 540, 396 P.2d 847, 849 (1964).
 

 [28]
 

 NRS 78.640; NRS 78.650(1) and (5);
 
 Anes,
 
 113 Nev. at 200, 932 R2d at 1070;
 
 Gottwals,
 
 60 Nev. at 82-84, 99 P.2d at 648.
 

 [29]
 

 Gottwals,
 
 60 Nev. at 82-84, 99 P.2d at 648;
 
 see also Irving National Bank
 
 v.
 
 District Court,
 
 47 Nev. 86, 93, 217 P. 962, 963 (1923);
 
 Chicago Title & Trust Co.
 
 v.
 
 Fox Theatres Corporation,
 
 69 F.2d 60, 62 (2d Cir. 1934).
 

 [30]
 

 Chicago Title & Trust,
 
 69 F.2d at 62;
 
 see also
 
 65 Am. Jur. 2d
 
 Receivers
 
 § 269 (2001).
 

 [31]
 

 NRS 18.015(3).
 

 [32]
 

 See generally Moses
 
 v.
 
 McGarvey,
 
 614 P.2d 1363, 1372 (Alaska 1980) (“It is well established that an attorney, disqualified on conflict-of-interest
 
 *1218
 
 grounds, generally is barred as a matter of public policy from receiving any fee from either of the opposed interests.”);
 
 see also Goldstein v. Lees,
 
 120 Cal. Rptr. 253, 255 (Ct. App. 1975);
 
 cf. Kidney Association of Oregon v. Ferguson,
 
 843 P.2d 442, 447 (Or. 1992) (“[I]t is the breach of fiduciary duty owed to a client, rather than a violation of a disciplinary rule, that may result in a reduction or loss of a fee.”).
 

 [33]
 

 We are persuaded by the Supreme Court of Iowa’s reasoning in
 
 Bottoms v. Stapleton,
 
 706 N.W.2d 411, 417 (Iowa 2005), which concluded that the district court abused its discretion in disqualifying an attorney from representing a corporation and its majority shareholder in a dissolution action because no actual conflict of interest existed, and under a rule similar to RPC 1.7(a), only an actual conflict of interest will justify disqualification — the suggestion of a potential conflict of interest is not sufficient. The Supreme Court of Iowa defines a conflict of interest in accord with RPC 1.7(a)(2): “if there is a significant risk that representation of one client will materially limit the representation of another client, a conflict of interest actually exists; it is not merely potential.”
 
 Id.
 

 [34]
 

 60 Nev. 76, 82-84, 99 P.2d 645, 648 (1940),
 
 overruled in part on other grounds by Poirier
 
 v.
 
 Bd. of Dental Examiners,
 
 81 Nev. 384, 387, 404 P.2d 1, 2 (1965),
 
 overruled in part on other grounds by Pengilly v. Rancho Santa Fe Homeowners,
 
 116 Nev. 646, 648-49 & n.2, 5 P.3d 569, 570-71 & n.2 (2000).
 

 [35]
 

 See also Allan v. Hargadine-McKittrick Dry Goods Co.,
 
 28 S.W.2d 670, 674 (Mo. 1930) (holding that the receiver’s legal custody of a receivership corporation’s assets is under the jurisdiction of the receivership court, and thus another court’s interference with such custody is ultra vires and outside of its jurisdiction).
 

 [36]
 

 NRS 78.640.
 

 [37]
 

 Irving National Bank
 
 v.
 
 District Court,
 
 47 Nev. 86, 92-93, 217 R 962, 963 (1923).
 

 [38]
 

 See Chicago Title & Trust Co. v. Fox Theatres Corporation,
 
 69 F.2d 60, 62 (2d Cir. 1934);
 
 Odell Hardware Co.
 
 v.
 
 Holt-Morgan Mills,
 
 92 S.E. 6, 7 (N.C. 1917);
 
 see also People ex rel. Attorney General v. Security Life Ins. & Annuity Co., 19
 
 N.Y. 267, 271 (N.Y. 1879) (“[I]t is well settled that a creditor . . . may be permitted to come in and prove his debt at any time while the fund or any part thereof is under control of the court, notwithstanding the time limited by the master for the creditors to come in and prove their debts had expired ... the neglect or omission of one will not preclude his right to be afterwards let in, provided the other creditors are placed in no worse condition than if all had come in at the same time.”) (citation and quotation omitted).
 

 [39]
 

 Chicago Title & Trust, 69
 
 F.2d at 62.
 

 [40]
 

 Nevada Bd. Osteopathic Med.
 
 v.
 
 Graham,
 
 98 Nev. 174, 175, 643 P.2d 1222, 1223 (1982).
 

 [41]
 

 Sellers v. Dist. Ct.,
 
 119 Nev 256, 259, 71 P.3d 495, 498 (2003).
 

 [42]
 

 See id.
 
 at 259, 71 P.3d at 497-98.