# IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVEN G. OXNER,
                Appellant,

vs.

CHARLIE UTTS; BECKY UTTS;
COUNTRY RANCH PARTNERS, LLC,
AN ARIZONA LIMITED LIABILITY
COMPANY, D/B/A REAL LIVING
COUNTRY RANCH REALTY; JOHN
STAYNAR; AND DONNA STAYNAR,
                Respondents.

No. 76694

**FILED**

DEC 1 8 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
        DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from an order denying appellant's claims of exemption with respect to a writ of execution. Our preliminary review of the docketing statement and the documents submitted to this court pursuant to NRAP 3(e) revealed a potential jurisdictional defect. Specifically, it appeared that that the judgment or order designated in the notice of appeal is not a substantively appealable final judgment. *See* NRAP 3A(b); *Settelmeyer & Sons v. Smith & Harmer*, 124 Nev. 1206, 197 P.3d 1051 (2008) (providing for an appeal from a final judgment in a garnishment or execution action (*see also* NRS 31.460), but not from interlocutory orders that merely set the priorities or resolve a claim of exemption).

Appellant has filed a suggestion of bankruptcy, informing this court that appellant has filed a voluntary petition for relief under Chapter 13 of the bankruptcy code in the United States District Court for the District of Nevada.

The filing of a bankruptcy petition operates to stay, automatically, the "continuation" of any "judicial . . . action ... against the debtor." 11 U.S.C. § 362(a)(1). An appeal, for purposes of the automatic stay,

18-909202

is considered a continuation of the action in the trial court. Consequently, an appeal is automatically stayed if the debtor was the defendant in the underlying trial court action. *See Ingersoll-Rand Financial Corp. v. Miller Mining Co., Inc.*, 817 F.2d 1424 (9th Cir. 1987). It appears that appellant was the defendant below. Therefore, this appeal is stayed pursuant to the automatic stay provisions of federal bankruptcy law.

Given the applicability of the automatic stay, this appeal may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. Accordingly, we conclude that judicial efficiency will be best served if this appeal is dismissed without prejudice. Because a dismissal without prejudice will not require this court to reach the merits of this appeal and is not inconsistent with the primary purposes of the bankruptcy stay - to provide protection for debtors and creditors - we further conclude that such dismissal will not violate the bankruptcy stay.[1] *See Independent Union of Flight Attendants v. Pan American World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purposes of the statute [11 U.S.C. § 362(a)"]; *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (holding that a post-bankruptcy petition dismissal will violate the automatic stay "where the

---

[1]The automatic stay provides a debtor "with protection against hungry creditors" and gives it a "breathing spell from its creditors" by stopping all collection efforts. *Dean v Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995). Further, it assures creditors "that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Id.* at 755-6.

decision to dismiss first requires the court to consider other issues presented by or related to the underlying case").

Accordingly, we dismiss this appeal. This dismissal is without prejudice to appellant's right to move for reinstatement of this appeal upon either the lifting of the bankruptcy stay or final resolution of the bankruptcy proceedings, if appellant deems such a motion appropriate at that time.

It is so ORDERED.[2]

_____ , J.
Pickering

_____ , J.
Gibbons

_____ , J.
Hardesty


cc:    Hon. James Crockett, District Judge
       Israel Kunin, Settlement Judge
       Law Office of Kevin L. Hernandez
       McNutt Law Firm
       Eighth District Court Clerk

---

[2]Because we dismiss this appeal pursuant to the bankruptcy stay, we take no action on appellant's response to our order to show cause.