# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SUPERPUMPER, INC., AN ARIZONA CORPORATION; EDWARD BAYUK, INDIVIDUALLY AND AS TRUSTEE OF THE EDWARD WILLIAM BAYUK LIVING TRUST; SALVATORE MORABITO, AN INDIVIDUAL; AND SNOWSHOE PETROLEUM, INC., A NEW YORK CORPORATION,<br><br>                Appellants,<br>vs.<br>WILLIAM A. LEONARD, TRUSTEE FOR THE BANKRUPTCY ESTATE OF PAUL ANTHONY MORABITO,<br>                Respondent. | No. 79355 <br><br><br>FILED<br>MAR 0 6 2020<br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>DEPUTY CLERK |
| SUPERPUMPER, INC., AN ARIZONA CORPORATION; EDWARD BAYUK, INDIVIDUALLY AND AS TRUSTEE OF THE EDWARD WILLIAM BAYUK LIVING TRUST; SALVATORE MORABITO, AN INDIVIDUAL; AND SNOWSHOE PETROLEUM, INC., A NEW YORK CORPORATION,<br><br>                Appellants,<br>vs.<br>WILLIAM A. LEONARD, TRUSTEE FOR THE BANKRUPTCY ESTATE OF PAUL ANTHONY MORABITO,<br>                Respondent. | No. 80214 |

## *ORDER DISMISSING APPEAL AND REGARDING MOTIONS*

Docket No. 79355 is an appeal from a final judgment and award of attorney fees and costs. Docket No. 80214 is an appeal from orders denying claims of exemption asserted by appellants Edward Bayuk and Salvatore Morabito in post-judgment enforcement proceedings, and denying appellants' "Motion to Make Amended or Additional Findings under NRCP

 

20-08950

52(b), or, in the Alternative, Motion for Reconsideration and Denying Plaintiff's Countermotion for Fees and Costs Pursuant to NRS 7.085."

Appellants have filed a motion to confirm appellate jurisdiction in Docket No. 80214 and to consolidate and brief the appeal with the appeal in Docket No. 79355. Respondents oppose the motion, and appellants have filed a reply. As appellants acknowledge in their motion to confirm appellate jurisdiction, however, there is a jurisdictional defect with respect to the appeals of the orders denying the claims of exemption. This court's holding in *Settelmeyer & Sons v. Smith & Harmer*, 124 Nev. 1206, 197 P.3d 1051 (2008) provides for an appeal from a final judgment in a garnishment or execution action (*see also* NRS 31.460), but not from interlocutory orders that merely set the priorities or resolve a claim of exemption. *See also, e.g., Lee v. GNLV Corp.*, 116 Nev. 424, 996 P.2d 416 (2000) (defining a final judgment as one that resolves all issues before the court and leaves nothing further for resolution apart from attorney fees and costs); *KDI Sylvan Pools v. Workman*, 107 Nev. 340, 810 P.2d 1217 (1991); *Rae v. All American Life & Gas, Co.*, 95 Nev. 920, 605 P.2d 196 (1979). Moreover, no statute or court rule appears to allow for an appeal from an order that relates to the mere enforcement of a prior judgment. *See Gumm v. Mainor*, 118 Nev. 912, 59 P.3d 1220 (2002) (recognizing that a post-judgment order must affect rights growing out of the final judgment to be appealable); *Taylor Constr. Co. v. Hilton Hotels*, 100 Nev. 207, 678 P.2d 1152 (1984) (pointing out that, generally, this court has jurisdiction to consider an appeal only when the appeal is authorized by statute or court rule). This court lacks jurisdiction to review the orders denying the claims of exemption on appeal.

In addition, no appeal lies from an order denying a motion to alter or amend a judgment or for reconsideration. *See Uniroyal Goodrich*

SUPREME COURT
OF
NEVADA

(O) 1947A

*Tire v. Mercer*, 111 Nev. 318, 320 n.1, 890 P.2d 785, 787 n.1 (1995) (No appeal may be taken from an order denying a motion to alter or amend a judgment"), *superseded on other grounds as stated in RTTC Commc'ns, LLC v. Saratoga Flier, Inc.*, 121 Nev. 34, 110 P.3d 24 (2005). This court lacks jurisdiction over the orders challenged in Docket No. 80214, and the appeal in Docket No. 80214 is dismissed.[1]

Appellants have filed a motion in Docket No. 79355 to consolidate the appeals and to extend the briefing schedule for combined briefing. Respondent opposes the motion, and appellants have replied. The motion to consolidate is denied as moot. Appellants' alternative motion for an extension of time to file the opening brief and appendix is granted to the following extent. Appellants shall have 30 days from the date of this order to file and serve the opening brief and appendix in Docket No. 79355. Thereafter, briefing shall proceed in accordance with NRAP 31(a)(1). Failure to timely file the opening brief and appendix may result in the imposition of sanctions, including dismissal of this appeal. NRAP 31(d).

It is so ORDERED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

---

[1]This court declines to construe the appeal as a petition for extraordinary relief, but appellants are free to file a petition as deemed necessary.

cc:    Chief Judge, The Second Judicial District Court
Hon. Janet Berry, Senior Judge
Robison, Sharp, Sullivan & Brust
Hartman & Hartman
Marquis Aurbach Coffing
Claggett & Sykes Law Firm
Michael C. Lehners
Garman Turner Gordon
Washoe District Court Clerk